UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos.: 3:02-CR-129-TAV-DCP-1 |
| | ) | 3:12-CR-124-TAV-DCP-1 |
| JEFFREY DARRELL RAY, JR., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1) [Case No. 3:02-cr-129 ("2002 Case"), Docs. 55, 57; Case No. 3:12-cr-124 ("2012 Case"), Docs. 145, 148]. The government has responded in opposition [2002 Case, Doc. 56; 2012 Case, Doc. 147], and defendant has replied [2002 Case, Doc. 58; 2012 Case, Doc. 149]. For the reasons set forth more fully below, defendant's motion [2002 Case, Docs. 55, 57; 2012 Case Docs. 145, 148] will be **DENIED**.

### I.  Background

In 2002, defendant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) [2002 Case, Docs. 15, 16]. Defendant was sentenced to 110 months imprisonment, followed by 3 years of supervised release [*Id.*, Docs. 17, 18]. Defendant was released from this term of imprisonment on or about June 2, 2011 [*Id.*, Doc. 32, p. 1]. In April 2012, the United States Probation Office ("USPO") filed a

petition, and subsequently, an amended petition, alleging that defendant had violated the terms of his supervised release [*Id.*, Docs. 31, 32].

The allegations in the petition also formed the basis for a second criminal indictment, filed in September 2012, charging defendant with four counts of being a felon in possession of a firearm [2012 Case, Doc. 1]. In January 2013, defendant pled guilty to the charges in the indictment without the benefit of a plea agreement [*Id.*, Docs. 40, 41]. The Court sentenced defendant to 240 months' imprisonment, which consisted of a term of 120 months as to Count 1, and 120 months as to each of Counts 2, 3, and 4, to run concurrently with each other and consecutive to Count 2 [*Id.*, Doc. 77]. The Court also entered a revocation judgment in the 2002 case, revoking defendant's term of supervised release and sentencing him to 21 months' imprisonment, to run consecutive to the 240-month sentence imposed in the 2012 case [2002 Case, Doc. 42]. Defendant appealed [2012 Case, Doc. 87] and the Sixth Circuit affirmed [*Id.*, Doc. 101].

## II. Standard of Review

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may

2

modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [2002 Case, Docs. 55, 57; 2012 Case Docs. 145, 148].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)]

3

> instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government argues that defendant has not satisfied the mandatory exhaustion requirement [2002 Case, Doc. 56, p. 4; 2012 Case, Doc. 147, p. 4]. Specifically, the government states that, according to the BOP, defendant attempted to initiate the administrative remedy process in 2022 regarding an alleged denial of compassionate release but has not submitted an initial request [*Id.* at 4–5]. The government attaches an email from the BOP stating that defendant "did submit an Administrative Remedy

4

regarding Compassionate Release; however, it was rejected due to not filing an informal request. No request found in database" [2002 Case, Doc. 56-2; 2012 Case, Doc. 147-2].

In his subsequent filings, defendant does not address the government's assertion that he has not exhausted his claims [*See* 2002 Case, Docs. 46, 47; 2012 Case, Docs. 148, 149]. And, indeed, no records exist on the record before this Court indicating that defendant has exhausted his claims with the BOP. As the movant, defendant "bears the burden to show he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. McDonald*, No. 94-cr-20256, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020). Because defendant has not alleged, much less provided any evidence, that he has exhausted his remedies with the BOP, his motion for compassionate release [2002 Case, Docs. 55, 57; 2012 Case Docs. 145, 148] is **DENIED**.

## IV. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [2002 Case, Docs. 55, 57; 2012 Case Docs. 145, 148] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE